

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
~~XXXXXXXXXXXXX~~ PPERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Charles H. Potpet
County Attorney, Crane County
Crane, Texas

Dear Sir:

Opinion No. O-5159-A
Re: Expenses involved in
complying with the pro-
visions of S. B. 2, Acts
of the 48th Legislature,
Regular Session, 1943.

Your letter of October 27, 1943, requesting the opinion of this department on the question stated therein, reads in part as follows:

"Does the clause in the law passed by the 48th Legislature in regular session 1943 entitled Federal Victory Income Tax S. B. No. 2, which a part reads in Sessions, 1 - - - - - - - any expenses involved in complying with the provisions of this law may be paid for existing or future appropriations cover the compensation inquired about in the above numbered opinion. If not, what expenses are meant by this law. . . . "

Section 1 of Senate Bill No. 2, Acts of the 48th Legislature, Regular Session, 1943, provides:

"For the duration of the present war, all officers and employees of this State and its agencies, instrumentalities, political subdivisions and municipalities, having control over the payment of any salaries or wages to public officers or employees, are hereby authorized and required to comply with the provisions of the Federal Internal Revenue Act of 1942, requiring the withholding of five (5%) per cent Federal Victory Income Tax from wages paid public officers and employees, Any expenses involved in complying with the provisions of this law may be paid from existing or future appropriations. The provisions of this Act shall be in force and effect only so long as the United States of America is at war with Germany, Japan or Italy."

In your letter, a portion of which is quoted above, you refer to our Opinion No. O-5159. That opinion was rendered in compliance with your telegraphic request for an opinion which read, in part, as follows:

"Is the County Treasurer allowed any additional compensation for handling pay as you go tax plan under Fee System? Also may the Treasurer have additional help for this work if sanctioned by Commissioners' Court? . . ."

In reply to the foregoing telegraphic request, this department held, in effect, (in Opinion No. O-5159) that the County Treasurer was not allowed any additional compensation for handling the "pay-as-you-go" tax plan under the Fee System and that the commissioners' court, if it desired to do so, could authorize the appointment of additional deputies, assistants or clerks for the County Treasurer whose salary would be in accordance with the limitations of Article 3902, Vernon's Annotated Civil Statutes, and the salaries of such deputies, assistants, or clerks for the County Treasurer would be payable out of the fees of office of the Treasurer and could not be paid by the county.

It will be noted that Senate Bill No. 2, supra, provides:

". . . Any expenses involved in complying with the provisions of this law may be paid from existing or future appropriations. . . . "

As we understand your question, you desire our opinion regarding the application of this provision of the statutes to expenses incurred by the County Treasurer in administering the Act. We have carefully examined the various appropriation bills passed by the 48th Legislature and fail to find any appropriation available to pay expenses incurred by any county official incurring any expenses in the administration of said Senate Bill No. 2. Therefore, it is our opinion that the foregoing provision of Senate Bill No. 2, supra, does not authorize the compensation to the County Treasurer inquired about in Opinion No. O-5159. As it is our opinion that the foregoing provision of Senate Bill No. 2 does not cover the compensation inquired about in said Opinion No. O-5159, and it being our further opinion that there is no available appropriation from which to reimburse any county official for any expenses incurred in the administration of said Senate Bill No. 2, it is not necessary to further consider your general statement "what expenses are meant by this law." However, in the event you

have in mind any particular expense you desire to inquire about, upon receiving your request, we will be glad to give the same our immediate attention.

In Opinion No. 0-5159 this department held that said Senate Bill No. 2 requires all officers and employees of this State, its agencies, instrumentalities, political subdivisions and municipalities to comply with the withholding provisions of the "Current Tax Payment Act of 1943." We enclose a copy of this opinion for your convenience.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Ardell Williams

Ardell Williams
Assistant

APPROVED NOV 10, 1943

s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

AW:EP:egw

Encl.

APPROVED Opinion Committee
By BWB Chairman